## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### HATTIESBURG DIVISION

PAULA HENDERSON                                                    PLAINTIFF

v.                                              CIVIL ACTION NO. 2:11cv218-KS-MTP

LIBERTY MUTUAL INSURANCE COMPANY                            DEFENDANTS
and LM INSURANCE CORPORATION

### ORDER

THIS MATTER is before the Court on Plaintiff's [38] Motion to Compel Answer to

Interrogatory No. 4 and to Disclose Redacted Information from Claims File.  Defendant has [50]

responded to the motion, while Plaintiff has [54] replied.[1]

Plaintiff's cause of action is based on the alleged bad faith refusal to pay worker's

compensation death benefits.  Interrogatory number 4 reads: "Please state with particularity

every fact, and identify every person upon whose testimony and every document upon which you

rely to support each affirmative defense as set forth in your answer."  Defendant Liberty Mutual

Insurance Company's ("Liberty Mutual")[2] response reads as follows:

> Liberty objects to Interrogatory No. 4 on the grounds that it is overly broad,
> unduly burdensome and seeks attorney work product.  Without waiving and subject to
> said objections, the affirmative defenses speak for themselves and the documents will be
> contained in the claim file, produced contemporaneously with the pre-discovery
> disclosure of core information, the Policy, and pleadings filed before the Mississippi
> Workers' Compensation Commission in Cause No. MWCC #1005082-K-8745-D.
> Discovery is ongoing.

Plaintiff's motion addresses five of the twenty separately numbered defenses in the [29]

---

[1]Liberty Mutual has also filed a [57] Motion for Leave to file Sur-reply.

[2]Defendant LM Insurance Corporation was added as a defendant after the discovery had
already been propounded.  *See* docket entries [13] [14] (discovery); [23] (Amended Complaint).

Answer to Amended Complaint.[3]  They are the:  tenth (Plaintiff failed to mitigate her alleged damages); eleventh (invoking the provisions of Miss. Code Ann. § 85-5-7, the title of which is "Joint tort-feasors; nature of liability");[4] thirteenth (raising the doctrines of accord and satisfaction, release, payment, consent, illegality, waiver, estoppel, including judicial estoppel and collateral estoppel, and/or res judicata); fourteenth (Liberty not liable for negligence and/or conduct of Plaintiff or others); and twenty-first ("any other affirmative defenses referred to in F[ed]. R. C[iv]. P. 8(c) which may be applicable to the Plaintiff's claim").

Plaintiff's motion appears to overlap between Liberty's disclosure requirements and the discovery response, and concedes that what she asks is a contention interrogatory.  *See* [54] Reply at p. 3 ("Rather than an attempt to overwhelm and harass the Defendant, Plaintiff's request that Defendant identify all tangible items in its possession it *contends support its claims* is a reasonable and necessary request.") (emphasis supplied).  It should be noted, however, that the rules require much of the requested information to be disclosed as part of the Defendants' initial disclosures, even without a discovery request.  *See* Fed. R. Civ. P. 26(a)(1)(A) and L. U. Civ. R. 26(a) (requiring early disclosure of witnesses and documents supporting claims or *defenses*) (emphasis added).

Fed. R. Civ. P. 33(a)(2) provides that "[a]n interrogatory may relate to any matter that

---

[3]The discovery was propounded prior to the [23] Amended Complaint and Liberty Mutual's [29] Answer to Amended Complaint and Affirmative Defenses.  However, the instant motion to compel appears to deal with the answer to the amended complaint instead of the original [6] Answer, as the numbered defenses addressed in the motion to compel coincide with those in the former.

[4]Plaintiff refers to this as "the apportionment statute of liability among defendants."

may be inquired into under Rule 26(b)."  The relevant portion of Rule 26(b)[5] reads:

> (1) Scope in General.  . . . [T]he scope of discovery is as follows:  Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . and the identity and location of persons who know of any discoverable matter . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Rule 33(a)(2) goes on to provide:

> An interrogatory is not objectionable merely because it asks for an opinion or *contention* that relates to fact or the application of law to fact, *but the court may order that the interrogatory need not be answered until designated discovery is complete*, or until a pretrial conference or some other time.

(Emphasis supplied).

While Liberty Mutual is correct that discovery is ongoing, that all information may not yet be available and that the interrogatory, as phrased, could be unduly burdensome to answer, the remainder of its objections to this interrogatory are not well taken.  Plaintiff is entitled to know the basis of the defenses raised.

The motion will be granted in part and denied in part with respect to this interrogatory. Liberty Mutual shall provide a brief synopsis of the facts and circumstances that it believes support the specific defenses at issue and shall identify the person(s) and documents it believes will support those defenses.  Should Plaintiff desire further follow-up, she may do so via a deposition of Liberty Mutual.  *See* Fed. R. Civ. P. 30(b)(6).

The remainder of Plaintiff's [38] motion is limited to certain documents.  "Plaintiff seeks specifically identified portions of the claims file produced by Defendant, Bates-stamped LM-0003 to LM-0050.  *Of those pages, Plaintiff seeks specific information on . . . pages . . . 19-22,...*

---

[5]Section (b) of Rule 26 is entitled Discovery Scope and Limits.

29, 31, and 32." [54] at p. 4 (emphasis supplied).[6]  Liberty Mutual maintains that certain of these documents are protected by the attorney-client privilege and/or work product doctrine, and that reserve information is not discoverable.  Because of the limited scope of the disputed documents,[7] the Court finds it appropriate to require Liberty Mutual to submit to the Court for *in camera* inspection un-redacted copies of pages 19-22, 29, and 31-32 of its file.

However, the Court desires to make it clear that reserve information is often discoverable in some contexts.  As recognized in *Jefferson Davis County School District v. RSUI Indemnity Co.*, 2009 WL 1658478 (S.D. Miss. 2009):

> Although the Fifth Circuit does not appear to have ruled on this issue, district courts in this Circuit have ruled that reserve information is discoverable–especially where a plaintiff has asserted a bad faith claim and, therefore, the insurance company's estimate of the plaintiff's claim *may* be relevant to a finding of bad faith.

*Id*. at *3 (citations omitted; emphasis in original).  At the same time, it should be emphasized that "the court in no way addresses the ultimate admissibility of reserve information or its use at trial.  Such decisions are reserved for the presiding District Judge."  *Id.*[8]

Accordingly, **IT IS ORDERED:**

Plaintiff's [38] Motion to Compel Answer to Interrogatory No. 4 and to Disclose Redacted Information from Claims File is **GRANTED IN PART** and **DENIED IN PART**.  It is

---

[6]Based on Liberty's Mutual's [50] response, and according to Plaintiff, there is no longer a dispute over the entries on pages LM-0026, LM-0027, and LM-0028.

[7]Plaintiff's [54] reply goes far beyond the scope of the original [38] motion.  The Court recognizes that discovery is ongoing, but the current motion cannot serve as a "catch all" motion to address any discovery dispute that might arise.

[8]In one of the citations omitted, *Shelter Mutual Insurance Co. v. Culbertson's Ltd., Inc.*, 1998 WL 743592 (E.D. La. 1998), the District Judge ultimately granted in part and denied in part a motion *in limine* to exclude evidence relating to the setting or adjusting of the insurance company's reserves.  *See* 1999 WL 539520 (E.D. La. 1999).

granted to the extent that Liberty Mutual, by no later than June 6, 2012, shall supplement its answer to Interrogatory No. 4 to supply a brief synopsis of the facts and circumstances it believes support the Tenth, Eleventh, Thirteenth, Fourteenth, and Twenty-first defenses contained in its [29] Answer to Amended Complaint and Affirmative Defenses, and shall provide 1.) the name and, if known, the address and telephone number of each individual likely to have discoverable information–along with the subjects of that information–that Liberty Mutual may use to support those defenses, and 2.) the documents Liberty Mutual believes will support those defenses.

By no later than June 6, 2012, Liberty Mutual shall produce to the Court for *in camera* inspection the documents identified as LM-0019, LM-0020, LM-0021, LM-0022, LM-0029, LM-0031, and LM-0032.  These documents shall be in un-redacted form.  Plaintiff's [38] motion to compel is denied to the extent that it seeks any other relief.  The Court will determine if these documents are protected by the attorney-client privilege and/or the work product doctrine, and what portions (if any) should be produced to Plaintiff.

For the purpose of a complete record, Liberty Mutual's [57] Motion to File Sur-reply with respect to Plaintiff's motion to compel is **GRANTED**.  As the sur-reply is already a part of the record ([57]-1), it is unnecessary for Liberty Mutual to re-file it.

**SO ORDERED** this the 24th day of May, 2012.

s/ Michael T. Parker
United States Magistrate Judge