IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**PAULA HENDERSON**                                                                     **PLAINTIFF**

**V.**                          **CIVIL ACTION NO. 2:11-CV-218-KS-MTP**

**LIBERTY MUTUAL INSURANCE
COMPANY, et al.**                                                                  **DEFENDANTS**

**ORDER**

For the reasons stated below, the Court **affirms** the Magistrate Judge's Order [79] of June 27, 2012.

*A.     Background*

This is an insurance dispute. Plaintiff's husband was killed in a work-related automobile accident. Defendant LM Insurance Corporation issued the employer's worker's compensation policy, while Defendant Liberty Mutual Insurance Company adjusted Plaintiff's claim for benefits.

On June 27, 2012, the Magistrate Judge entered an order granting in part and denying in part a motion to compel filed by Plaintiff. In pertinent part, the Magistrate Judge granted the motion with respect to Plaintiff's request for production of any and all contracts between Liberty Mutual Insurance Company (the claim administrator) and LM Insurance Corporation (the insurer), and he granted the motion with respect to certain portions of the personnel files of four of Liberty Mutual's employees.

Defendant filed its objection to the Magistrate Judge's order, which the Court now addresses. The Court may only modify or set aside a Magistrate Judge's discovery

order if it is "clearly erroneous or contrary to law." FED. R. CIV. P. 72(a); *see also Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995) (citing 28 U.S.C. § 636(b)(1)(A)).

## B.  The Contract

Plaintiff requested the production of any and all contracts between Liberty Mutual and LM. Defendant argues that its contract with LM is irrelevant to Plaintiff's independent claims against it. Plaintiff contends that the contract is relevant to its claims against Liberty Mutual because it is probative of Liberty Mutual's contractual obligations to LM Insurance Corporation, which may have bearing on Liberty Mutual's obligations to Plaintiff.

The Court is skeptical of the argument that Liberty's Mutual's contractual obligations to LM have any bearing on Liberty Mutual's independent obligations to Plaintiff under Mississippi law. However, without viewing the contract, it is impossible for the Court to know whether its contents are relevant to *any* of Plaintiff's claims. The contract may possess relevant and admissible evidence, and it may not. Whatever the case, the request was at least reasonably calculated to lead to the discovery of admissible evidence, and Defendant enjoys the protection of the Court's Protective Order [16]. Accordingly, the Magistrate Judge's decision to compel production of the contract was not clearly erroneous or contrary to law.

## C.  Personnel Files

Plaintiffs sought the full personnel files of Kim Deconing, Sarah Loftus, and Annie F. Ewing – employees of Defendants. The Magistrate Judge granted the request in part, ordering Liberty Mutual to produce the job application, resume, and

annual/semiannual performance evaluations for the employees and their supervisor, Michelle Johnson. However, the Magistrate Judge denied the request as to the remainder of the employees' personnel files.

Defendant argues that it should not have to produce any portion of the personnel files. First, it argues that the personnel files are superfluous, as Plaintiff will have an opportunity to depose the employees. Second, it argues that the employees' privacy interests outweigh Plaintiff's need for the records, citing several cases which generally support the notion that personnel files should not be produced "absent a compelling demonstration of relevance." *EEOC v. HWCC-Tunica, Inc.*, 2008 U.S. Dist. LEXIS 85830, at *9-*10 (N.D. Miss. Oct. 6, 2008); *see also Aiken v. Rimkus Consulting Group, Inc.*, 2007 U.S. Dist. LEXIS 96185, at *4 (S.D. Miss. Apr. 4, 2007); *Cantor v. The Equitable Life Assurance Soc'y of the U.S.*, 1998 U.S. Dist. LEXIS 8435, at *9-*10 (E.D. Pa. June 9, 1998); *Whittingham v. Amherst College*, 164 F.R.D. 124, 127-28 (D. Mass. 1995); *Closterman v. Liberty Mut. Ins. Co.*, 1995 U.S. Dist. LEXIS 11356, at *4 (E.D. Pa. Aug. 9, 1995).[1]

---

[1]*HWCC-Tunica, Inc.* actually supports the Magistrate Judge's decision, insofar as the magistrate judge there declined to compel production of the *entire* personnel file, but she ordered the defendant to produce any notes or memoranda contained in the file relevant to a particular issue in the case. *HWCC-Tunica*, 2008 U.S. Dist. LEXIS 85830 at *10.

*Aiken* and *Cantor* are distinguishable insofar as the magistrate judge in those cases declined to compel production of the *complete* personnel files of all individuals who worked on the plaintiff's insurance claim. *Aiken*, 2007 U.S. Dist. LEXIS 96185 at *4; *Cantor*, 1998 U.S. Dist. LEXIS 8435 at *8-*10.

*Closterman* is distinguishable insofar as the plaintiff there did not assert claims for insufficient training or supervision. *Closterman*, 1995 U.S. Dist. LEXIS 11356 at *4.

The personnel records are relevant to Plaintiff's claims, as Plaintiff alleged that Defendant was grossly negligent in its duty to train and supervise its employees. Plaintiff's request for certain portions of the personnel files is reasonably calculated to lead to the discovery of admissible evidence on that issue. Defendant's privacy concerns are somewhat mitigated by the fact that the Magistrate Judge explicitly limited discovery to the job applications, resumes, and annual or semiannual performance evaluations of the subject employees. Moreover, Defendant enjoys the protection of the Court's Protective Order [16]. Therefore, the Court concludes that Defendant has not demonstrated that the Magistrate Judge's decision was clearly erroneous or contrary to law.

Defendant also argued that the Magistrate Judge erred by ordering the production of Michelle Johnson's personnel records. Plaintiff sought those records in Request for Production No. 12, and the Magistrate denied that portion of Plaintiff's motion to compel as moot. However, the Magistrate Judge granted Plaintiff's motion to compel with respect to Request No. 7 – which only pertained to Deconing, Loftus, and Ewing – but ordered that Defendant produce Johnson's records.

The undersigned judge does not know why the Magistrate Judge denied the motion to compel with respect to Request No. 12, but compelled production of Johnson's

---

In *Whittingham*, the plaintiff merely offered a conclusory assertion that the requested personnel files were relevant, rather than demonstrating their relevance. *Whittingham*, 164 F.R.D. at *127.

4

personnel records in the section of its order addressing Request No. 7. The most logical explanation is that the motion to compel was moot with respect to Request No. 12 because the Magistrate Judge had addressed Johnson's personnel files when he addressed Request No. 7. Regardless, for the same reasons stated above, the Court finds that Defendant has not demonstrated that the Magistrate Judge's decision on this point was clearly erroneous or contrary to law.

### D.     *Conclusion*

For all the reasons stated above, the Court **affirms** the Magistrate Judge's order [79] of June 27, 2012. The Court lifts the stay [88] previously entered and orders Defendants to comply with the Magistrate Judge's order within fourteen days of the entry of this order.

SO ORDERED AND ADJUDGED this 9th day of August, 2012.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE

5